**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

BARBARA L. NAGELEISEN                                                              CASE NO. 14-20862

DEBTOR

LORI A. SCHLARMAN                                                                              PLAINTIFF

V.                                                                                          ADVERSARY CASE NO. 15-2002

BARBARA L. NAGELEISEN, ET AL.                                                        DEFENDANTS

### MEMORANDUM OPINION

This adversary proceeding raises a novel question regarding the scope of property of the estate under 11 U.S.C. § 541: whether the Debtor's right of redemption, arising at a postpetition foreclosure sale of estate property in which the estate has not abandoned its interest, is property of the estate. The Chapter 7 Trustee argues that the right of redemption is property of the estate. ROR Holdings, LLC, a Kentucky limited liability company, to which the Debtor assigned her right of redemption, argues that it is not. Finding that the right of redemption is a proceed of the auctioned estate property within the meaning of § 541(a)(6), the Court holds that Debtor's right of redemption is estate property, and rules for the Trustee.

### Facts and Procedural History

The following facts are undisputed.

The Debtor's prior bankruptcy case, under chapter 13, was voluntarily dismissed on January 16, 2014. Several weeks later, a default judgment was entered against the Debtor in the Bank of Kentucky's foreclosure action in Kenton County Circuit Court. The default judgment ordered a master commissioner's sale of several pieces of real estate, including a property

located at 3532 Wolf Rd., Taylor Mill, KY ("the Wolf Road property"), which the Debtor owns jointly with her non-filing spouse, Alan Nageleisen.

In June 2014, before a master commissioner's sale could occur, Debtor filed a voluntary petition under chapter 7 listing the Debtor's interest in the Wolf Road property as an asset. The parties agree that the Debtor's interest in that real estate is property of the estate. The automatic stay with respect to the Debtor expired thirty days after the Debtor's filing by operation of law under 11 U.S.C. § 362(c)(3)(A), which this Court confirmed on motion of the Bank of Kentucky. The stay with respect to property of the estate, however, remained in effect.

On a joint motion by the Bank of Kentucky and the Chapter 7 Trustee for stay relief, the Court entered an order granting stay relief "without abandonment" to allow the master commissioner's sale to proceed. [*See* Doc. 71 in main case.] With respect to the Wolf Road property, the Court ordered the Bank of Kentucky to hold any net sales proceeds from its sale in escrow, so as to preserve the Trustee's interest.

The foreclosure sale was held on November 25, 2014. None of the mortgagees on the Wolf Road property placed bids. As a result, the property sold for only $5,000–a small fraction of its $135,000 appraised value, and thereby lower than the minimum bid necessary to clear the statutory right of redemption. *See* KY. REV. STAT. § 426.530(1) (granting owners in foreclosure a right of redemption in the event foreclosed property is sold for less than two-thirds of its appraised value).

On December 18, 2014, the Debtor's husband, Alan Nageleisen, executed a document "waiv[ing] in favor of the" Debtor any right of redemption he acquired at the foreclosure sale with respect to the Wolf Road property. [Doc. 17-4.] The Debtor, in turn, assigned to ROR

2

Holdings LLC ("ROR"),[1] a Kentucky limited liability company whose members are the Debtor and her son, Karl Nageleisen, any right of redemption in the Wolf Road property she acquired either at the foreclosure sale, or by virtue of her husband's waiver.

Shortly thereafter, the Chapter 7 Trustee filed this adversary proceeding. Count I of the Trustee's complaint seeks a declaratory judgment that the right of redemption in the Wolf Road property is property of the estate. The remaining counts of the complaint seek avoidance of the Debtor's transfer of the right of redemption to ROR, money damages for the transfer, and leave to sell the right of redemption.

On the same date that the Trustee filed this adversary proceeding, she moved for a preliminary injunction barring the Debtor, ROR, and Alan and Karl Nageleisen from transferring or exercising the right of redemption. The Court granted the Trustee's motion for a preliminary injunction, and the parties agreed that Count I could be resolved on summary judgment. Thereafter, the Trustee and ROR filed cross-motions for summary judgment [Docs. 17, 18]. The motions were briefed and argued, and this matter is ripe for decision.

## Analysis

A.  Jurisdiction and Summary Judgment Standard

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). While taking no firm position on the matter in its briefing, ROR suggests that the Court may lack constitutional authority under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), to decide whether the right of redemption in the Wolf Road property is property of the estate. The Court does not read *Stern* so broadly. *Stern* involved a state-law counterclaim brought to augment the estate; this case involves a request under the

---

[1] At oral argument, counsel for ROR Holdings LLC acknowledged that "ROR" is an abbreviation for "right of redemption."

3

Bankruptcy Code to define the estate. Since *Stern* was decided, the Sixth Circuit has continued to treat *in rem* disputes over the extent of debtors' estates as within bankruptcy courts' authority. *See, e.g.*, *Lawrence v. Ky. Transp. Cabinet (In re Shelbyville Road Shoppes, LLC)*, 775 F.3d 789 (6th Cir. 2015) (affirming a bankruptcy court's property-of-the-estate determination in a turnover action); *Underhill v. Huntington Nat'l Bank (In re Underhill)*, 579 F. App'x 480 (6th Cir. 2014) (reversing a bankruptcy court's property-of-the-estate determination on the merits). The Court finds it has constitutional authority, as well as statutory authority, to decide Count I of the Trustee's complaint.

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056 (incorporating by reference FED. R. CIV. P. 56 in adversary proceedings). The movant bears the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.,* 663 F.3d 806, 811 (6th Cir. 2011).

B.  <u>Whether the Right of Redemption is Property of the Estate</u>

The filing of a chapter 7 petition creates a bankruptcy estate. "[F]ederal bankruptcy law"–particularly, § 541 of the Code– "dictates to what extent [an] interest is property of the estate." *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013) (quoting *Bavely v. United States (In re Terwilliger's Catering Plus, Inc.)*, 911 F.2d 1168, 1172 (6th Cir. 1990). But the "nature and extent of property rights in bankruptcy are determined by the 'underlying substantive law'" governing those interests. *Id.* (quoting *Raleigh v. Ill. Dep't of Rev.*, 530 U.S.

4

15, 20 (2000)). Here, Kentucky law speaks in two important respects to the "nature and extent" of rights of redemption, addressing in whose favor they arise and when.

1. State Law

Kentucky's right-of-redemption statute, Kentucky Revised Statute § 426.530, provides that if property sold pursuant to a foreclosure action brings under two-thirds of its appraised value, "the defendant" may redeem the property by paying the purchase price at the auction, plus interests and expenses. Kentucky courts have construed the word "defendant" to refer exclusively, and in all events, to the property's owner.

In *Kirklevington Associates, Ltd. v. Kirklevington North Associates, Ltd.*, 848 S.W.2d 453 (Ky. Ct. App. 1993), the Kentucky Court of Appeals construed "defendant" to refer only to owner-defendants in foreclosure actions–not to non-foreclosing mortgagees or holders of judgment liens who also are named as defendants in foreclosure actions. In a later case, the Kentucky Court of Appeals held that where the owner of the foreclosed property acquired the property after the foreclosure judgment and was therefore not named as a defendant in the foreclosure action, he acquires the right of redemption–even if he is not substituted as a defendant in the action. *See Humbert Mortg., Inc. Money Purchase Pension Plan v. Redell*, 263 S.W.3d 594 (Ky. Ct. App. 2008); *see also United States v. Wood*, 658 F. Supp. 1561, 1568 n.2 (W.D. Ky. 1987) (holding that where an owner-defendant in a foreclosure action conveys the foreclosed property to a third party after judgment and before sale, "the grantee of such a debtor . . . steps into the debtor's shoes, and as holder of title to the property at the time of sale, . . . is the exclusive beneficiary of the statutory right of redemption.").

Kentucky courts have also addressed when a right of redemption arises and hold that a right of redemption does not exist until the foreclosure sale occurs. In *Humbert*, the owner of

foreclosed property died intestate before the foreclosure sale. *Id.* at 595. After the sale failed to clear the redemption price, the owner's heir, her son, sold the consequent right of redemption. *Id.* at 595-96. The purchaser of the property argued that the heir could not sell the right of redemption reasoning that the right of redemption was personal property, and the heir therefore did not inherit it from the owner until the estate had been administered–which had not occurred at the time of the sale. *Id.* at 596. The Kentucky Court of Appeals rejected the purchaser's argument, holding that "[n]o right of redemption existed at [the time of the owner's death] because the property had not sold." *Id.* at 597. Therefore, the heir did not inherit the right of redemption. Instead, because the heir inherited and owned the foreclosed real property, the "right of redemption arose" in his favor at the time of the sale. *Id.* As a consequence of this holding, it follows that the right of redemption in this case arose postpetition.[2]

The Trustee's principal submission in this case is that she is the holder of the right of redemption under *state* law, and the right of redemption is therefore property of the estate. The Trustee reasons that she is the owner of the Wolf Road property, and that, under *Humbert*'s holding that an owner who was not a named defendant in a foreclosure action but who acquires the foreclosed property before sale is the holder of any right of redemption that arises at sale, she is therefore the holder of the right of redemption.[3]

This argument founders on a mistaken premise; neither the Trustee nor the estate own the Wolf Road property. The Bankruptcy Act of 1898 provided that "[t]he trustee of the estate of a

---

[2] Kentucky's cases on rights of redemption do not address whether Kentucky would recognize a contingent interest in a right of redemption upon the entry of a foreclosure judgment. If Kentucky did recognize such an interest, that interest would have existed at the commencement of Debtor's case and have been property of the estate under § 541(a)(1). Because the Court concludes below that the right of redemption itself, which only arises at the foreclosure sale, is after-acquired property of the estate under § 541(a)(6), it is unnecessary to address this question.

[3] Though the Trustee's precise theory under § 541 is not clear, the Trustee appears to argue that, having acquired the right of redemption under state law, the right of redemption enters the estate under § 541(a)(7), which renders "[a]ny interest in property that the estate acquires after the commencement of the case" estate property. 11 U.S.C. § 541(a)(7).

bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt" to estate property.  11 U.S.C. § 110(a)(5) (1964) (repealed 1978).  But under the Bankruptcy Code, "no provision is made . . . for the vesting of title in the trustee."  5 COLLIER ON BANKRUPTCY ¶ 541.LH[3][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).  Rather, the trustee is only given "authority to represent the estate and to dispose of all property which comprises the estate."  *Id.*  Therefore, while the Trustee controls the Debtor's interest in the Wolf Road property, she does not own it.  Because the Debtor remains the owner of her interest, it is in her favor that the right to redeem the Wolf Road property arose under Kentucky law, not the Trustee's.  However, this conclusion, as ROR concedes, does not preclude Debtor's right of redemption from entering the estate.  It only shifts the analysis to whether Debtor's right of redemption falls within the categories of after-acquired property that § 541 treats as property of the estate.

    2.  § 541(a)(6)

Section 541 makes several kinds of after-acquired property property of the estate–including proceeds of estate property.  Section 541(a)(6) treats "[p]roceeds, product, offspring, rents or profits of or from property of the estate" as estate property.  11 U.S.C. § 541(a)(6).  For the reasons that follow, the Court holds that Debtor's right of redemption is a proceed of the sale of the Wolf Road property and therefore property of the estate.

ROR resists this conclusion in three ways.  First, despite the Court's entry of an order granting the Trustee's motion for stay relief without abandonment, ROR argues that the Trustee abandoned its interest in the Wolf Road property prior to the sale, and that the right of redemption therefore cannot be a proceed of estate property.  Second, ROR argues that a right of redemption is not a proceed within the meaning of § 541(a)(6).  Third, ROR contends that

whatever the status of the Debtor's own right of redemption, her non-debtor spouse Alan Nageleisen waived his right of redemption in the Debtor's favor, and that the Debtor transferred his right to ROR, making ROR at least a co-owner of the right of redemption. The Court takes up these arguments in turn.

    a. <u>Abandonment</u>

As to the Trustee's abandonment, ROR argues that it was necessary for the Trustee to abandon the estate's interest in the Wolf Road property to the Debtor in order for title to pass to the winning bidder at the foreclosure sale. ROR also notes that the order of the Court authorizing the foreclosure sale to proceed can be read to limit its "relief without abandonment" language to mean that the Trustee would only retain her interest in the cash proceeds of the sale.

The Court disagrees with this strained interpretation of its order. ROR's argument fails in several respects. First, the Trustee could not implicitly abandon the estate's interest in the Wolf Road property; prior to the close of a case, a trustee may only abandon property of the estate after notice and a hearing. *See* 11 U.S.C. § 554(a). Second, it was no more necessary for the Trustee to abandon the estate's interest in the Wolf Road property prior to the sale for title to pass than it would be necessary for the Debtor to abandon hers. ROR's argument that title could pass if the Trustee abandoned the estate's interest to the Debtor, but not if the Trustee retained the estate's interest, simply makes no sense.

    b. <u>"Proceeds"</u>

Turning to whether the right of redemption is a "proceed" of the estate's interest in the Wolf Road property under § 541(a)(6), ROR contends that only cash proceeds of the sale are "proceeds" within the meaning of § 541(a)(6). This view, while colorable, depends on a narrow definition of proceeds that the drafters of the Bankruptcy Code rejected.

Section 541(a)(6), as discussed above, makes "proceeds" of property of the estate estate property. In explaining this provision, its drafters wrote that "[p]roceeds here is not used in a confining sense, as defined in the Uniform Commercial Code, but is intended to be a broad term to encompass all proceeds of property of the estate." S. REP. NO. 95-989, at 84 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5869.

On the basis of this legislative history, courts have held that "the scope of the 'proceeds, product, offspring, rents or profits' clause in Section 541(a)(6) is quite broad," and "encompass[es] any conversion in the form of property of the estate, and anything of value generated by property of the estate." *In re Taronji*, 174 B.R. 964, 969 (Bankr. N.D. Ill. 1994) (Wedoff, J.); *see also In re Megamarket of Lexington, Inc.*, 207 B.R. 527, 532 n.7 (Bankr. E.D. Ky. 1997) (Lee, C.J.) (relying on the committee report's explanation to construe "proceeds"). The Debtor's right of redemption is a transferable thing of value under Kentucky law, *see Humbert*, 263 S.W.3d 594, that was generated by the sale of the Wolf Road property. Thus, it is a proceed in the broad sense that Congress used the term.

Moreover, the distinction ROR draws between cash proceeds and a right of redemption simply makes no sense. In Kentucky, a foreclosure sale either generates cash alone (if the bid exceeds two-thirds of the appraisal value) or less cash plus a right of redemption. Both cash and the right of redemption represent the economic yield of the foreclosure sale.

What scant authority there is on postpetition rights of redemption supports this result. In *Armstrong v. Harris (In re Harris)*, 886 F.2d 1011 (8th Cir. 1989), the Eighth Circuit held that "redemption rights that attached to [estate] farmland postpetition are property of the estate" under § 541(a)(6). 886 F.2d at 1013. The Ninth Circuit, while not specifically relying on

9

§ 541(a)(6), has reached the same result. *See United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 731 (9th Cir. 1986).

ROR relies on only one case, *Farm Credit Bank of St. Paul v. Halverson (In re Solberg)*, 125 B.R. 1010 (Bankr. D. Minn. 1991), to dispel the conclusion that a right of redemption is a proceed. *Solberg* dealt with a right of first refusal under the Agricultural Credit Act of 1987. Under that statute, after a foreclosure, and after any state-law redemption period expires, a purchaser at a foreclosure sale can only sell a farmer's foreclosed farmland subject to the former owner's right of first refusal. *See* 12 U.S.C. § 2219a. The *Solberg* court concluded that such a right of first refusal was not a proceed of the farmland. *See Solberg*, 125 B.R. at 1017 n.10 and accompanying text. Whether or not *Solberg* was correctly decided, it is distinguishable because the right at issue in *Solberg* did not arise at the foreclosure sale, but instead only arose after the expiration of the redemption period, after title transferred to the purchaser, and only in the event the new owner elects to sell the property. *See id.* at 1015-16. Debtor acquired her right of redemption, by contrast, immediately upon and as a direct result of the sale of the estate's interest in the Wolf Road property.

Based on the foregoing, the Court holds that the Debtor's right of redemption is a proceed of the estate's interest in the Wolf Road property within the meaning of § 541(a)(6).

    c. <u>Alan Nageleisen's right of redemption</u>

Finally, the Court takes up the issue of Alan Nageleisen's right of redemption. Under § 426.530, Mr. Nageleisen, as a co-owner of the Wolf Road property, also acquired a right of redemption as a result of the foreclosure sale. That right of redemption, being a proceed of his non-debtor interest in the Wolf Road property, was not a proceed of estate property. Mr. Nageleisen, however, elected to *waive* his right of redemption in favor of the Debtor. As the

Trustee argues, without response from ROR, a waiver under Kentucky law "is a voluntary and intentional surrender or relinquishment of a . . . right," not an assignment of a right. *Barker v. Stearns Coal & Lumber Co.*, 163 S.W.2d 466, 470 (Ky. 1942); *see also Greathouse v. Shreve*, 891 S.W.2d 387, 390 (Ky. 1995). Therefore, Mr. Nageleisen's waiver extinguished his right of redemption in the Debtor's favor; it did not assign or otherwise transfer it to the Debtor. Thus, the Debtor's right of redemption–a proceed of estate property–is the only remaining right of redemption left. Therefore, the rights of redemption which Debtor purported to transfer to ROR are, in their entirety, property of the estate.

## Conclusion

The Trustee is entitled to judgment on Count I of her complaint as a matter of law. Her motion for partial summary judgment [Doc. 17] shall be granted, and ROR's motion [Doc. 18] shall be denied. A separate order in conformity herewith shall be entered.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Friday, March 06, 2015
(tnw)